## ORTON VS. NOONAN.

GARNISHEE SUIT. *Chap.* 53, *Laws of* 1869 — *Amendment of complaint in principal suit*—*Presumption, from record, that amendment was by leave of court.*

Chap. 53, Laws of 1869, provides that where any person is served with garnishee notice and affidavit (except upon execution), his liability as garnishee shall be discharged unless plaintiff shall, within ten days after such service, file in the office of the clerk of the court in which the principal action is pending, his complaint, duly verified, stating certain facts; and in case of actions pending when the law took effect, it provides that if the complaint has not been verified and filed, plaintiff shall be at liberty to file the same, with a verification, within such reasonable time as the court may direct. *Held,*

1. That in case of an action in which the right to amend the complaint as of course had expired before the act took effect, and in which the complaint had not been verified or filed, plaintiff could not, *without leave of court,* file a verified complaint amended by inserting the statements required by said act, with a view to proceedings in garnishment.

2. That where such verified and amended complaint was in fact filed without leave of court, it was properly disregarded, and proceedings in garnishment, subsequently commenced, were properly dismissed as for want of such a complaint, duly filed.

3. That where on appeal, said complaint was returned to this court with the appeal papers, the presumption arising therefrom that leave of court for filing it had been obtained, is overcome by the clerk's affidavit that he has searched the records and docket entries pertaining to the action, and has found no order, nor a record of any order, made by any officer, which authorized the filing of such complaint.

APPEAL from the County Court of *Milwaukee* County.

This appeal was taken by the plaintiff from an order of the court quashing certain proceedings in garnishment commenced against various persons alleged to be indebted to the defendant, etc. The following statement was prepared by Mr. Justice COLE as a part of his opinion in the case:

"By the first section of ch. 53, Laws of 1869, it is provided that in all cases wherein any person or corporation shall be served with garnishee notice and affidavit (except upon execu-

tion), the liability of the garnishee shall cease and be discharged unless the plaintiff shall, within ten days after such service, file in the office of the clerk of the court in which the action is pending wherein the garnishment is made, his complaint, duly verified, stating the amount of the indebtedness of the defendant in the action to him, over and above all legal set-off, and the circumstances out of which such indebtedness accrued. In the fifth section of the act it is further enacted, that the statute shall apply to cases pending when the law took effect, with the proviso, that, in all cases where the complaint has not been verified and filed, the plaintiff shall be at liberty to file the same with a verification within such reasonable time as the court in which the action is pending may direct."

"In this case an unverified complaint had been served and filed in June, 1865, and the garnishee proceedings were instituted in January, 1870. It appears that the plaintiff, on the 3d of August, 1869, without any leave of court being first obtained, filed in the clerk's office a verified complaint, which contained some material allegations required by the act of 1869 and which were not in the original complaint." Afterwards the defendant moved to quash the garnishee proceedings, and the court made the order from which the plaintiff appealed.

*J. J. Orton,* appellant, in person.

*Jason Downer,* for respondent.

COLE, J. The counsel for the defendant contended that the act of 1869 did not authorize, in a case like this, the filing of an amended verified complaint without leave of court; and that, as the amended complaint in this action was so filed, it is to be disregarded. It seems to us this position is sound and must be sustained.

This action was pending when the law of 1869 took effect, but no verified complaint had been filed. The plaintiff, however, was at liberty to file a complaint with a verification, and

containing the allegations required by this law, within such reasonable time as the court might direct. But he was at liberty to file such complaint *only* upon leave of the court. He could not file it as a matter of course, upon his own motion or at his own pleasure. This, we think, is very clear from the language used in the proviso. The plaintiff might file his verified complaint in an action pending when this law went into operation, "within such reasonable time" as the court might direct; plainly implying that application was to be made for leave to file such complaint. This view derives support from the practice in regard to amendments. The plaintiff would not have had the right to amend the complaint of course in the position the case was in. More than three years had elapsed since an answer and demurrer had been filed to the original complaint; and the right to amend, except upon leave, was gone. This consideration strengthens the view already expressed as to the proper construction of the law of 1869.

The verified complaint has been sent up with the record on this appeal; but there can be no presumption from that fact that the plaintiff obtained leave to file it, because the clerk has made an affidavit, which is also returned, in which he states that he has searched the records and docket entries pertaining to the action, and has found no order, nor record of any order, made by any officer, which authorized the filing of this complaint. This entirely rebuts any presumption which might otherwise arise from the record, that the complaint was filed upon leave had from the court. It is very obvious that it is now improperly among the papers in the cause.

If the verified complaint could only be filed upon leave of the court, then we suppose it necessarily follows that the one filed August 3d, 1869, was rightly disregarded. And of course the garnishee proceeding was properly dismissed, inasmuch as the plaintiff had failed to comply with the requirements of the act of 1869.

These remarks dispose of the case, and render it unnecessary to consider the other questions discussed upon the argument.

*By the Court.*—The order of the county court is affirmed.